FILED
 2014 Mar-25  AM 10:58
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| **DONALD RAY SANDERSON,** | ) |
| **Petitioner,** | ) |
| vs. | ) CASE NO. 6:11-cv-1732-SLB-PWG |
| **WARDEN MITCHEM; and the ATTORNEY GENERAL OF THE STATE OF ALABAMA,** | ) |
| **Respondents.** | ) |

## **MEMORANDUM OPINION**

The magistrate judge filed a Report and Recommendation on December 23, 2013, (doc. 11), recommending that the petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, be denied and dismissed with prejudice. On January 3, 2014, petitioner, Donald Ray Sanderson ("Sanderson") filed a pleading styled as "Objection to Recomendation [sic] of the Honorable Paul Greene United States Magistrate Judge." (Doc. 12.) The court will treat such filing as an objection to the magistrate judge's Report and Recommendation or, in the alternative, as a motion.

Sanderson's objections consist almost entirely of restatements of the arguments he has already presented, including: (1) that the Alabama Court of Civil Appeals erred in dismissing his appeal on procedural grounds; (2) that as a result of the Court of Civil Appeals' error, he has exhausted his current claims in state court; (3) that he was convicted on the strength of his victims' perjured testimony; (4) that he received ineffective assistance of counsel. (Doc.

12 at 2-12.) These arguments were considered and rejected by the magistrate judge, and Sanderson's objections add nothing new to the equation. Accordingly, these objections are due to be overruled.

The one objection not explicitly addressed in the Report and Recommendation is that a witness for the prosecution, Mindy Gallian[1] ("Gallian"), did not bring her records or notes to court when she testified. (Doc. 12 at 7-8.) Gallian was a therapist who met with Sanderson's minor victims following their sexual abuse and, apparently, Sanderson served Gallian with a subpoena duces tecum. (*Id*. at 7). This claim faces the same deficiencies which doom Sanderson's other claims; it is procedurally defaulted and it fails on the merits. First, as explained in section II. A. of the Report and Recommendation, Sanderson failed to exhaust this claim in state court. (Doc. 11 at 4-9.) Next, even if this claim were not procedurally defaulted, as with the other claims addressed in section II. B. of the Report and Recommendation, this claim is fatally vague and fails on the merits. (*Id*. at 9-17.) Accordingly, Sanderson's objection regarding Gallian's testimony is due to be overruled.

Having carefully reviewed and considered de novo all the materials in the court file, the court is of the opinion that the magistrate judge's findings are due to be and are hereby **ADOPTED** and his Recommendation is **ACCEPTED**. To the extent that the Sanderson's filing of January 3, 2014, (doc. 12), is construed as interposing objections to the Report and

---

[1]Mendy's last name is spelled "Gallian" in the opinion by the Alabama Court of Criminal Appeals. (Doc. 6-2 at 1.) Mindy's last name is also spelled "Gallion" in some documents.

Recommendation, the objections are **OVERRULED**. To the extent that Sanderson's filing, (doc. 12), is construed as a motion, it is **DENIED**. Accordingly, the petition for writ of habeas corpus is due to be denied and this case is due to be dismissed with prejudice. An order in accordance will be entered contemporaneously with this Memorandum Opinion.

 **DONE** this 24th day of March, 2014.

_/s/ Sharon Lovelace Blackburn_<br>
SHARON LOVELACE BLACKBURN<br>
UNITED STATES DISTRICT JUDGE